**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOX DESIGN, LLC, | ) | Civil Action No.: |
| Plaintiff, | ) | FILED: MAY 27, 2008 |
| | ) | 08CV3053          LI |
| vs. | ) | JUDGE  HIBBLER |
| | ) | MAGISTRATE  JUDGE  BROWN |
| BOX STUDIO CHICAGO, LLC, | ) | |
| Defendant. | ) | |

Civil Action No.:

Judge

Magistrate Judge

## VERIFIED COMPLAINT AND DEMAND FOR JURY

Plaintiff, Box Design, LLC ("Box Design"), for its Verified Complaint, states as follows:

### JURISDICTION AND VENUE

1.       This is an action for trademark infringement and unfair competition brought under the Lanham Act. 15 U.S.C. § 1051 *et seq.* and for common law unfair competition under the laws of the State of Illinois.  Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338(a) and (b).  Venue is proper under 28 U.S.C. § 1391(b) and (c).

### THE PARTIES

2.       Box Design is an Illinois limited liability company with its principal place of business in Chicago, Illinois.  Box Design is engaged in the business of, *inter alia*, architecture, including green spaces. For at least the past three years, Box Design has done business under the name of Box Design Studio.

3.       Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant Box Studio Chicago, LLC ("Box Studio") is an Illinois limited liability corporation with its principal place of business located in Chicago, Illinois.  Upon information and belief after a reasonable opportunity for further

investigation and/or discovery, there is likely to be evidentiary support that Box Studio is also engaged in the business of, *inter alia*, architectural services using the name "Box," which infringes Box Design's trademark rights, as more fully set forth below.

4.      Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant has offered such services to businesses and/or consumers in this District.

## STATEMENT OF FACTS
### Box Design's Adoption and Use of the BOX® Mark

5.      In approximately December of 2001, Box Design began designing and offering its services under the registered trademark BOX®.

6.      Box Design is the owner of the United States Trademark Registration for the mark BOX®, Reg. No. 3,088,373. A copy of the Registration Certificate is attached hereto as Exhibit 1.

### The Success of Box Design's BOX® Mark

7.      Since its introduction and continuing to date, Box Design's services has enjoyed tremendous success in the marketplace.

8.      Over the past few years, Box Design has been one of the pioneers in "green roofs," where a person, or entity, creates a green space on the roof of a building, in an attempt to reduce the greenhouse effect as reported in the media.  In fact, Box Design has received acclaim in the media as evidenced by magazine and news articles.

9.      The BOX® registered mark is distinctive and has acquired strong secondary meaning with the consuming public.  It is recognized by members of the consuming public as an indicator of high quality products and services from a single source.

-2-

### Defendant's Tortious Acts

10.     Defendant is advertising, promoting, marketing, distributing and/or offering for sale architectural services, including "green spaces" under, or using, the name "Box" as depicted in its plans for a building in Chicago, Illinois, attached hereto as Exhibit 2.

11.     Defendant's infringing "Box" mark has been advertised on a web-site owned by it with is principal place of business located in Chicago, Illinois. Defendant's web site is located at www.boxformation.com (See Exhibit 3 hereto attached.).

12.     Additionally, Defendant has linked print articles that show projects, and the success of green spaces, including those designed by Box Design.  This is done only with the intent to confuse consumers who may visit the Defendant's website that it was responsible for the work described in the articles and does not provide any indication that the projects were actually that of Box Design. (See Exhibit 2 hereto attached)

13.     In letters dated March 20, 2008 and April 3, 2008, (attached hereto as Exhibit 4), counsel for Box Design demanded that Defendant cease and desist all use of the name BOX® in connection with Defendant's architectural services.  Defendant has not responded to counsel's letters.

14.     However, Kevin Fox, president of Box Design, spoke by telephone with Daniel J. Kraiss, an agent of Box Studios. Kraiss tacitly admitted that he knew of Box Design's use of the BOX® mark and that his use of the BOX® mark was confusing and improper.

15.     Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant continues to use the BOX® mark in connection with its architectural services.

16.     Defendant is not licensed by Box Design, and at all relevant times was not authorized by Box Design to use its service mark. Defendant is currently engaged in such unauthorized conduct and, unless enjoined by this Court, will continue such conduct.

17.     Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant's infringement of Box Design's service mark has been willful and deliberate and will continue, all to Box Design's irreparable harm, unless enjoined by this court.

18.     Defendant's use of the BOX® mark in connection with its architectural services has caused actual confusion.  Specifically, one of the contractors working on the project as depicted in Exhibit 2 contacted Box Design to discuss the project with it as it was under the impression that Box Design was affiliated with the project due to the BOX® mark being used on the project plans.

19.     Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant's use of the BOX® mark in connection with its architectural services will cause, or has caused, other instances of confusion.  Indeed, as noted above, the Defendant has linked an article on its website that refers to Box Design's work.  This is a blatant attempt to confuse consumers who visit Defendant's website into believing that it was responsible for the work as described and shown in the article.

## COUNT I
### Trademark Infringement and False Designation of Origin

20.     Paragraphs 1 - 19 are incorporated herein by reference.

21.     Defendant has, and upon information and belief, intends to continue to, willfully, knowingly, and intentionally violate Box Design's rights under 15 U.S.C.§ 1114(1) and 15 U.S.C.§

1125(a) by their unauthorized use of Box Design's trademark. Defendant's confusingly similar use of the mark BOX® in an architectural and design setting, falsely suggests to the consuming public that there exists an association or affiliation between Defendant and Box Design, and/or that Box Design has approved or endorsed Defendant's services.

22.     By reason of Defendant's acts as alleged above, Box Design has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenues and profits in an indeterminate amount.

23.     Unless enjoined by this Court, Defendant will continue to do the acts complained of herein all to the irreparable harm of Box Design. Box Design has no adequate remedy at law.

**COUNT II**<br>**<u>Unfair Competition and Deceptive Trade Practices</u>**

24.     Paragraphs 1 - 23 are incorporated herein by reference.

25.     Defendant has, and on information and belief intends to continue to, willfully engage in unfair competition and deceptive trade practices under federal law and the common law of the State of Illinois by its unauthorized use of Box Design's service mark and marks confusingly similar thereto, in their use of the mark BOX®.

26.     By reason of Defendant's acts as alleged above, Box Design has suffered and will continue to suffer damage and injury to its business, reputation and good will and will sustain serious loss of revenues and profits in an indeterminate amount.

27.     Unless enjoined by this Court, Defendant will continue to do the acts complained of herein all to the irreparable harm of Box Design.  Box Design has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A.      Declare that Defendant has infringed Box Design's trademark, has engaged in unfair competition and deceptive trade practices.

B.      Order that, pursuant to 15 U.S.C. § 1116, Defendant and all its employees, servants, agents, distributors and person in active concert with them be enjoined, temporarily during the pendency of this action, and permanently thereafter, from using Box Design's trademark, or marks confusingly similar thereto, or otherwise infringing on Box Design's trademarks and other proprietary rights, in connection with the advertisement, promotion, sale and/or offer for sale of the products at issue.

C.      Award Plaintiff, pursuant to 15 U.S.C. § 1117, monetary relief in an amount to be fixed by the Court in its discretion as just, including:

       (1)      All profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions;

       (2)      All damages sustained by Plaintiff as a result of Defendant's act of infringement, and that such damages be trebled; and

       (3)      Interest, costs and attorneys' fee.

D.      Award Plaintiff such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury of all counts and claims triable to a jury.

Dated: May 27, 2008                         Respectfully submitted,
                                            BOX DESIGN, LLC

                                            By: _____
                                                  One of its attorneys

John J. Rock
James B. Novy
Silvia Mercado Masters
ROCK FUSCO, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60610
(312) 494-1000

Counsel for Plaintiff
Box Design, LLC

## VERIFICATION

The undersigned, Kevin Fox, verifies under penalty of perjury that he is President of Box Design, LLC, the Plaintiff herein, that he has read the foregoing complaint and knows the contents thereof, and that the same is true and correct to the best of his knowledge and belief except as to those matters stated to be information and belief, with respect to which he verily believes to be true.

_____
Kevin Fox

STATE OF ILLINOIS     )
                           )
COUNTY OF COOK    )

SUBSCRIBED and SWORN to before me this 19 day of May, 2008.

_____
Notary Public
My Commission Expires: 7-11-2009

OFFICIAL SEAL
BARBARA BUCARO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-11-2009

7

08CV3053                    LI
JUDGE    HIBBLER
MAGISTRATE   JUDGE BROWN



# The United States of America

## CERTIFICATE OF REGISTRATION

### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

**To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*



EXHIBIT

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### Requirements in the First Ten Years*
*What and When to File:*

- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Requirements in Successive Ten-Year Periods*
*What and When to File:*

- A Declaration of Continued Use (or Excusable Non-use) **and** an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

### Grace Period Filings*

There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

**The U.S. Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.**

**NOTE:** *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

*www.uspto.gov*

> **YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.**

*Exception for the Extensions of Protection under the Madrid Protocol:
The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cls.: 40 and 42

Prior U.S. Cls.: 100, 101, 103, and 106

## United States Patent and Trademark Office

Reg. No. 3,088,373
Registered May 2, 2006

### SERVICE MARK
### PRINCIPAL REGISTER



BOX DESIGN, L.L.C. (ILLINOIS LIMITED LIABI-
LITY CORPORATION)
SUITE 302
1021 S. STATE STREET
CHICAGO, IL 60605

FOR: CUSTOM MANUFACTURE OF ARCHITEC-
TURE, BUSINESS CARDS, STATIONERY, POSTERS,
SIGNAGE AND PROMOTIONAL MATERIALS FOR
OTHERS, IN CLASS 40 (U.S. CLS. 100, 103 AND 106).

FIRST USE 3-0-2004; IN COMMERCE 3-0-2004.

FOR: ARCHITECTURAL DESIGN, GRAPHIC
ART DESIGN, AND INDUSTRIAL DESIGN SERVI-
CES FOR OTHERS, IN CLASS 42 (U.S. CLS. 100 AND
101).

FIRST USE 3-0-2004; IN COMMERCE 3-0-2004.

THE MARK CONSISTS OF THE WORD BOX IN A
SQUARE, AND THE LETTER "O" IS ALSO IN A
SQUARE.

SN 78-334,544, FILED 12-1-2003.

JILL C. ALT, EXAMINING ATTORNEY



EXHIBIT

2



2620 W. WASHINGTON
CHICAGO, IL

1/A1.02 PARTITION PLAN - 2ND FLOOR

SCALE 1/8" = 1'-0"

BOX STUDIO
17 N. STATE ST. #1350
CHICAGO, IL 60602

PARTITION PLAN
2ND FLOOR

A1.02



1/A1.03  PARTITION PLAN - 3RD FLOOR



1/A1.04  PARTITION PLAN - TYP. FLOORS 4-6





1/A1.01  PARTITION PLAN - ROOF

http://www.boxformation.com/



mission

profile

portfolio

contact

news

EXHIBIT

3



BOX studios is a leading
edge design collaborative
whose mission is to
translate our clients
needs into a dynamic
and functional space.

**NAME:**
BOX: the name is a metaphor for the shell of a building that we bring to life with our
designs, the BOX of tools that we use in our craft and for the out-of-the BOX-think
we are prepared to offer to our clients.

**COMMITMENT:**
Our team is committed to:
Instilling Trust | Fostering Hope | Speaking with Candor | Producing Results

**RESULTS:**
A dynamic and functional design can:
Support project objectives | Attract and retain talent | Respond to change
Enhance communication | Improve productivity | Convey who you are as a busine

mission

BOX STUDIOS



## Denver

1761 Emerson St
Denver, CO 80218
T: 303.864.1700
F: 303.864.1690
**Inquiries:**
Jim Graczyk, AIA:
jim@bxstudios.com
**for employment opportunities:**
Lynn Coil, AIA:
lynn@bxstudios.com

## Chicago

17 N State St
Chicago, IL 60602
T: 312.943.9630
F: 312.943.8640
**Inquiries:**
Ferdinard R. Dimailig, AIA
fdimailig@bxstudios.com
**for employment opportunities:**
Dan Kraiss
dkraiss@bxstudios.com

Box studios retains global alliances with firms based in
Latin America, Europe & Asia



contact

BOX STUDIOS

Recent Awards & Publications

"The South is Rising", Chicago Social Magazine - Jan 08

"You Don't See Many Roofs This Green", Herald Times - 08.14.07

ASID Awards 07, Colorado



please select

# YOU DON'T SEE MANY ROOFS THIS 'GREEN'

Vegetation to grow on student center built by company buying six apartment complexes

By Bethany Nolan
bnolan@heraldt.com

Reprinted with permission
from the *Herald Times Online*

A Chicago-based management company has inked a $55 million deal for six apartment complexes in Bloomington, and it will build a $1 million environmentally friendly student center near two of the complexes on South Adams Street.

In a deal with Maryland-based ASB Capital Management LLC, the Scion Group purchased the Adam's Bend and Adam's Grove apartment complexes along South Adams Street and the Rolling Ridge, Rolling Meadows, Rolling Glen and Rolling Woods complexes off Bloomfield Road across from the SportsPlex, which were formerly owned by Millennium Properties, Scion Group president Robert Bronstein said Monday. The Scion Group manages student housing on or near college campuses, Bronstein said.

"You can't go wrong investing next to a Big Ten university," he said. "We looked at the market and liked what we saw."

Bronstein said Monday that the company expects to invest more than $1 million in a new student-oriented amenity center that will be built with a "green" focus. The approximately 10,000-square-foot building will be located on a 1.6-acre site on South Adams Street, just south of its intersection with West Allen Street and directly across from the Adam's Bend complex.

It's slated to be finished next summer and will include different spaces for apartment residents to study, watch TV, grab coffee at a vending area, hang out in an outdoor observatory or paint in an art studio.

**GREEN ROOF**




*"This will be the first building with a green roof in Bloomington"*
—city planner Eric Greulich



©2007 The Scion Group, LLC



"This will be
a showpiece
of sustainable
technology."

"This will be a showpiece of sustainable technology,"
Bronstein said. No old-growth trees will be removed
from the site, and the facility will be built around
a large, old oak tree on the site. It will also boast
permeable paved surfaces, bike racks and a "green"
roof. That means about four inches of green vegetation
will cover part of the roof, which will provide insulation
as well as create less water runoff.

Bronstein said the Scion Group is also looking at other
green ideas, such as solar thermal panels or urban
wind turbines to generate energy for the building.

City planners said the plan is one of the more
progressive projects they've seen.

"This will be the first building with a green roof in
Bloomington," city planner Eric Greulich said Monday.
"It's not often you see a developer putting something
out that's primarily an amenity that doesn't have some
type of commercial aspect to it. They're doing it solely
to benefit the residents of these complexes."

Bronstein said he expects the student center's
completion to kick off a "re-branding" of the apartment
complexes to a more environmentally friendly feel,
including fluorescent lightbulbs and nontoxic paint.

"Everybody's got a pool and a parking space," he
said. "This makes people feel good about the choices
they're making."

## GREEN BUILDING MATERIALS




## ENERGY EFFICIENCY






# Freeborn & Peters LLP

April 3, 2008

**_By Messenger_**
Daniel J. Kraiss
Box Studio Chicago, LLC
17 N. State, Ste 1350
Chicago, Illinois 60602

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Andrew L. Goldstein
Partner
Direct 312.360.6438
Fax 312.360.6598
agoldstein@
freebornpeters.com

*Chicago*

*Springfield*

　　　　Re:    Box Design, L.L.C. Trademark Infringement

Dear Mr. Kraiss:

Enclosed is a copy of our letter to you dated March 20, 2008 concerning your infringement of Box Design, L.L.C. ("Box Design") trademark and name.  Our records indicate that you received this letter; however, we have not yet received your reply.

Due to the serious nature of this matter, either you or your legal counsel should respond to our original letter within ten (10) days of your receipt of this letter.  Failing your prompt reply, we will be forced to take immediate legal action to protect our client's valuable proprietary rights and to remedy your blatant infringement of those rights.

Very truly yours,

Andrew L. Goldstein

ALG/kmd

cc:    Kevin L. Fox – Box Design, LLC
　　　 Michael A. Moynihan, Esq.

1519493v1



EXHIBIT
4

Freeborn & Peters LLP

March 20, 2008

**_By Messenger_**
Daniel J. Kraiss
Box Studio Chicago, LLC
17 N. State, Ste 1350
Chicago, Illinois 60602

*Attorneys at Law*

311 South Wacker Drive
Suite 3000
Chicago, Illinois
60606-6677
Tel 312.360.6000

Andrew L. Goldstein
Partner
Direct 312.360.6438
Fax 312.360.6598
agoldstein@
freebornpeters.com

*Chicago*

*Springfield*

Re:    Box Design, L.L.C. Trademark Infringement

Dear Mr. Kraiss:

We represent Box Design, L.L.C. ("Box Design"). It has recently come to our client's attention that you are offering architect and design services under the name "Box Studios" as indicated by the attached architectural design drawings.

Box Design offers custom manufacture of architecture, business cards, stationery, posters, signage and promotional materials for others; architectural design, graphic art design, and industrial design services for others; and, custom furniture design services under the mark BOX. Our client has used the mark "BOX" in connection with these services since at least as early as December 23, 2001, and our client has duly registered its marks with the United States Patent and Trademark Office. Copies of our client's registrations for the BOX mark are enclosed for your reference.

The name "Box Studios" is very similar to our client's "BOX" mark and "Box Design" company name. Moreover, as is indicated by the enclosed print-outs from our client's website and your website, you are using an orange color that is similar to the orange color theme used by our client in connection with its website, business cards and other collateral materials.

Your use of the name "Box Studios" and the same orange color scheme in connection with architectural and design services is sure to cause confusion with respect to our client. In fact, at least one instance of confusion between your company and our client has already occurred.

Therefore, your use of the name "BOX" and the orange color scheme constitutes trademark infringement under federal law (15 U.S.C. § 1114) and Illinois state law (765 ILCS 1036/), and unfair competition and "passing off" under federal law (15 U.S.C. § 1125(a)) and Illinois state law (815 ILCS 510/).

1511835v1

Daniel J. Kraiss
Box Studio Chicago, LLC
March 20, 2008
Page 2

Freeborn & Peters LLP

Accordingly, we hereby demand that you cease and desist from any further use of the name "BOX," or any name confusingly similar thereto on or in connection with architectural and design services. We further demand that you cease and desist from any further use of any color schemes or other trade dress confusingly similar to that of Box Design, LLC.

Please provide us with your response within ten (10) days from the date of this letter. Please be advised that if we do not receive written assurances that Box Studios will comply with the above demands within this 10-day period, we will take appropriate action to protect our client's valuable name.

Very truly yours,

Andrew L. Goldstein

ALG/kmd

cc:   Kevin L. Fox – Box Design, LLC
       Michael A. Moynihan, Esq.

1511835v1



2620 W. WASHINGTON
CHICAGO, IL

1/A1.01  PARTITION PLAN - 1ST FLOOR

Case 1:08-cv-03053     Document 1-2     Filed 05/27/2008     Page 19 of 22



2620 W. WASHINGTON
CHICAGO, IL

1/A1.02  PARTITION PLAN - 2ND FLOOR



2620 W. WASHINGTON
CHICAGO, IL

1/A1.03  PARTITION PLAN - 3RD FLOOR



2620 W. WASHINGTON

CHICAGO, IL

BOX STUDIO



1/A1.07 PARTITION PLAN - ROOF